Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3953 | **DATE** | 5/13/2002 |
| **CASE TITLE** | Heinze vs. Life Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, defendant Life Insurance Company of North America's motion for summary judgment (12-1) is granted; plaintiff Heinze's motion for summary judgment (10-1) is denied; and plaintiff Heinze's motion to supplement the administrative record (13-1) is denied. Judgment is entered in favor of defendant Life Insurance Company of North America.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| SYLVIA HEINZE | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 01 C 3953 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, a CIGNA COMPANY, | ) ) ) ) |
| Defendant | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Sylvia Heinze sued the Life Insurance Company of North America ("LINA") under section §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), seeking to overturn LINA's decision to terminate her long term disability benefits under the R.R. Donnelley & Sons Company Group Benefits Plan. The case is before the Court on the parties' cross-motions for summary judgment. Heinze also filed a motion to supplement the administrative record. For the reasons stated below, we deny Heinze's motion to supplement the record, grant LINA's motion for summary judgment, and deny Heinze's motion for summary judgment.

### Factual Background

Heinze, a former project manager and systems analyst for R.R. Donnelley, suffers from narcolepsy and degenerative disk disease. On September 7, 1995, she applied for long term



disability ("LTD") benefits under the R.R. Donnelley & Sons Company Group Benefits Plan. Defendant LINA is the underwriter of the Plan, and it also serves as the Plan Administrator (*i.e.*, it determines whether to grant or deny benefits to a particular employee). The Plan allows employees who cannot perform the duties of their regular occupation due to injury or sickness to receive LTD benefits for twenty-four months. After twenty-four months, the employee can continue to obtain benefits only if he or she is "wholly and continuously disabled ... [and thus] is unable to work at [her] regular occupation or any other employment for which [she] is reasonably qualified by education, training or experience." R.R. Donnelley & Sons Group Policy # LK-1445, effective January 1, 1990, at 19.

On December 6, 1995, LINA approved Heinze's claim for LTD benefits, finding that Heinze was unable to perform the essential duties of her regular occupation. When the twenty-four month period specified in Plan was drawing to a close, LINA evaluated Heinze's file to determine her inability to work at *any* occupation (as the Plan requires after the twenty-four month period expired). On August 26, 1997, LINA again approved Heinze's benefits.

In the spring of 1998, Stephanie Abrom, the Case Manager at LINA assigned to Heinze's file, requested updated records on Heinze from her primary physician, Dr. Bakken. When the records arrived, LINA employees questioned the authenticity of Bakken's signature and his updated narrative, as it was essentially unchanged from that provided in November 1995. Abrom also noted that the updated records from Bakken did nothing to establish Heinze's continued total disability. Accordingly, LINA referred the file to a medical consultant, Dr. Handelsman, for additional review. Dr. Handelsman reviewed Heinze's file and concluded that "it is not clear what precluded claimant's work capacity."

Based on Handelsman's comments, LINA hired a private investigative firm, R. Bauer & Associates, to videotape Heinze going about her daily activities. From February 21, 2001 through February 24, 2001, an investigator from R. Bauer & Associates surveilled Heinze. She was observed walking without assistance outside her home, helping her dog in and out of her car, and scraping snow off her car. She was also observed driving to her boyfriend's store, the Custom Embroidery Emporium, and working an eight-hour shift. During that period, an investigator equipped with a hidden camera entered the store and spoke with Heinze. According to the investigator, Heinze told him either she or her boyfriend "is always at the store." When confronted with the video evidence, Heinze replied that she only "filled-in" at the store when its regular employees were ill and that she obtained no payment for her assistance there.

On March 21, 2001, based on the surveillance footage, Dr. Handelsman's report, and Heinze's updated medical records, LINA concluded that Heinze was no longer totally disabled. Accordingly, it terminated Heinze's LTD benefits. Heinze's subsequent administrative appeal was denied on April 26, 2001. On May 21, 2001, Heinze filed the present action seeking recovery for the alleged wrongful denial of her disability payments.

## Discussion

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, we view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When cross motions are filed, we

apply the same standard for each motion. *Stimsonite Corp. v. Nightline Markers, Inc.*, 33 F. Supp. 2d 703, 705 (N.D. Ill. 1999).

The Plan gives LINA, as the Plan administrator, "full and absolute ... discretion in determining whether a Benefit is payable from the Plan ...." Plan §5.1. Accordingly, we noted in an earlier order in this case (*Order*, October 9, 2001), we review LINA's decision only to determine whether it was "arbitrary and capricious." *See, e.g., Hightshue v. AIG Life Insurance Co.*, 135 F.3d 1144, 1147 (7th Cir. 1998). Under the arbitrary and capricious standard, we reverse the administrator's decision only if it is "downright unreasonable." *Carr v. Gates Health Care Plan*, 195 F.3d 292, 294 (7th Cir. 1999) (quoting *Butler v. Encyclopedia Brittanica, Inc.*, 41 F.3d 285, 288 (7th Cir. 1994)); *see also James v. General Motors Corp.*, 230 F.3d 315, 317 (7th Cir. 2000) (plan administrator's decision to be upheld unless it "not only made the wrong call but ... a 'downright unreasonable' one") (citations omitted).

Under this deferential standard, the Court concludes that LINA's decision to terminate Heinze's LTD benefits was neither arbitrary nor capricious. Heinze makes essentially two arguments in support of reversing the administrator's decision: (1) that LINA inappropriately relied upon the opinion of a reviewing physician, Dr. Handelsman, instead of Heinze's treating physician, Dr. Bakken; and (2) LINA had a conflict of interest that rendered its decision suspect. Neither point compels reversal.

Heinze first argues that the opinion of Dr. Bakken that she was disabled should be controlling over that of Dr. Handelsman. However, it is permissible for LINA to rely on reports of a medical consultant, if the consultant provides reasons for disagreeing with the treating physician's assessment. *See Donato v. Metropolitan Life Insurance Co.*, 19 F.3d 375, 380 (7th

-4-

Cir. 1994); *Ladd v. ITT Corporation*, 148 F.3d 753, 755 (7th Cir. 1998) (if consulting physician who did not examine patient gave reasons for disagreeing with the assessments of treating physicians, the court would have to affirm plan administrator's decision). Dr. Handelsman's report provides reasons for questioning the conclusions of Dr. Bakken, including his observations that Heinze's narcolepsy was under control based on the medical evidence; that a myelogram performed in connection with the diagnosis of degenerative disk disease showed only mild bulging; and that Heinze's conduct on the surveillance videotape was contrary to Bakken's conclusions about Heinze's limitations.

In further support of her argument, Heinze quotes a passage from *LeBarge v. Life Insurance Company of North America*, No. 00 C 0512, 2001 WL 109527 at *9 (N.D. Ill. 2001) that states, in part, that a report of a non-examining, non-treating physician should be discounted when contradicted by all other evidence in the record. Plaintiff's Motion for Summary Judgment at 12. However, unlike in *LeBarge*, Dr. Handelsman's conclusions are not "contradicted by all other evidence"; they are supported by the surveillance video. Rather, it is Dr. Bakken's conclusions that are controverted by the record. Specifically, Dr. Bakken concluded that Heinze was unable to drive to work and that her conditions prevent her from performing any occupation. The surveillance video plainly indicates otherwise.

In an attempt to downplay the video footage, Heinze argues that she was unable to drive the fifty miles to her former position at R.R. Donnelley and that she was not paid for her sporadic assistance at Custom Embroidery. However, Heinze's arguments miss the point: in order for her to obtain continuing LTD benefits after twenty-four months, she must be unable to perform *any* work. The surveillance video clearly shows that she can drive a short distance to a

place of employment and work for a full day. Whether she was compensated or not is irrelevant. Based on this evidence, it was not unreasonable for LINA to conclude that Heinze's condition did not meet the definition of "total disability."

Heinze next argues that LINA's decision should be viewed with skepticism because LINA was operating "under an inherent conflict of interest" – *i.e.*, because LINA acts both as Plan Administrator and the payor of benefits. Plaintiff's Motion for Summary Judgment at 14. However, Seventh Circuit has ruled that a district court should "presume that a fiduciary is acting neutrally unless a claimant shows by providing specific evidence of actual bias that there is a significant conflict." *Mers v. Marriott International Group Accidental Death & Dismemberment Plan*, 144 F.3d 1014, 1020 (7th Cir. 1998). The "inherent" conflict that stems from a defendant acting both as an administrator and payor of benefits alone is insufficient to overcome this presumption of neutrality. *Id.* Accordingly, Heinze must produce evidence of actual bias.

Heinze, citing certain documents in the administrative record, asserts that "LINA calculated the financial obligations on the policy before it denied Heinze's benefits." As an initial matter, we do not agree that the cited documents support Heinze's argument. Further, the mere fact that the insurer is aware of the amount of benefits being paid to Heinze does not show actual bias against her claim. Heinze also asserts that a conflict of interest exists when "benefit plans repeatedly hire particular physicians as experts." Plaintiff's Motion for Summary Judgment at 15. Even assuming the truth of this premise, Heinze provided no evidence that this occurred. Her arguments, therefore, do not affect the outcome of this case. In short, we conclude that LINA's decision to terminate Heinze's LTD benefits was not wholly unreasonable, and we

thus grant summary judgment in its favor.

Heinze also filed a motion to supplement the administrative record with an August 12, 1993 agreement between Heinze and R.R. Donnelley that permitted her to telecommute. The law is clear that a court's review of the administrator's decision is limited to "the evidence that was submitted in support of the application for benefits." *Perlman v. Swiss Bank Corp.,* 195 F.3d 975, 982 (7th Cir. 2000). In our October 9, 2001 order, we noted that Heinze could bring a motion to supplement the record if the record had been compiled improperly or if there was some impropriety in the administrator's review. Nothing of the kind occurred here. Instead, Heinze is seeking to introduce new evidence that she failed to present to the plan administrator in the first instance. We therefore decline to permit Heinze to supplement the record with the telecommuting agreement. Were we to do so, however, it would not affect the outcome of the case. At issue here is whether the Plan Administrator's decision in March, 2001 that Heinze was not "unable to work at any occupation" was unreasonable. The telecommuting agreement only shows that, prior to applying for LTD benefits, Heinze was permitted to perform her former occupation from home. The agreement thus does not refute the Plan Administrator's conclusions that, in 2001, she was no longer entitled to LTD benefits.

## Conclusion

For the reasons stated above, defendant Life Insurance Company of North America's motion for summary judgment [item #12-1] is granted; plaintiff Heinze's motion for summary judgment [item #10-1] is denied; and plaintiff Heinze's motion to supplement the administrative record [item #13-1] is denied. The Clerk is directed to enter judgment in favor of

defendant Life Insurance Company of North America.

Dated: May 13, 2002

_____
MATTHEW F. KENNELLY
United States District Judge